JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ACTING UNITED STATES ATTORNEY
ADAM M. JOHNSON, IDAHO STATE BAR NO. 11805
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>vs.<br><br>CAMERON JAMES KITTELL,<br><br>　　　　　Defendant. | Case No. 3:24-cr-00195-AKB<br><br>**UNITED STATES'**<br>**SENTENCING MEMORANDUM** |

The Defendant comes before the Court having pled guilty to Distribution of Child Pornography. The Government recommends that the Court sentence the Defendant to 192 months in prison followed by 25 years of supervised release. The Government recognizes that this is a substantial recommendation for a first conviction for Distribution of Child Pornography. However, this Defendant presents a uniquely pointed danger to children, and his sentence must be commensurate to that danger.

## OFFENSE CONDUCT

In fall 2023, law enforcement investigated a Cybertip from Snapchat regarding the transmission of apparent child sex abuse material. They ultimately identified the Defendant as the

**UNITED STATES' SENTENCING MEMORANDUM - 1**

subject of the Cybertip. Over the months that followed, law enforcement reviewed the Defendant's Snapchat account through use of legal process. They found several notable pieces of evidence.

*First*, the Defendant possessed and shared multiple videos depicting child pornography, including videos of prepubescent minors. *Second*, the Defendant solicited and paid for child pornography, with specific requests including videos of incest and children defecating. *Third*, the Defendant had sexually explicit conversations with multiple purported minors. *Fourth*, the Defendant walked thirty-six minutes to pay a purported eighteen-year-old male for sex, only to be turned away before meeting when he revealed he did not have enough money.

In July 2024, law enforcement located the Defendant, seized his phone, and interviewed him. The Defendant admitted to trafficking child pornography, noting that he viewed material involving children between the ages of two and fifteen and preferred children between ten and thirteen years old. He also said that he knew he would be caught but made the choice to not stop.

Law enforcement analyzed the Defendant's phone and recovered over 500 images and 60 videos that appeared to depict the sexual abuse of children, including infant / toddler-aged children. The investigation also revealed that the Defendant had been using several chat applications to exchange and solicit child pornography, and to engage in sexually explicit conversations with purported minors. In one chat, he encouraged a purported seventeen-year-old to molest his ten-year-old sister and directed him on how to do it. In other chats, the Defendant appeared to pay money for child pornography and directed purveyors in detail regarding what he wanted to see.

But the Defendant did not stop at child pornography. He joined babysitting groups on Facebook and offered his "services" in dozens of posts, often at no charge. And he created a profile on nannylane.com, a nanny website. On July 16, 2024—hours before he was arrested in possession of child pornography—he contacted a woman about babysitting.

**UNITED STATES' SENTENCING MEMORANDUM - 2**

**SENTENCING GUIDELINES CALCULATION**

The Government concurs with the Guidelines calculation in the final Presentence Investigation Report. Assuming this Court does not apply the two-level enhancement for use of a computer, the Defendant's total offense level is 35, yielding a guideline range of 168 to 210 months. Within that range, the Government recommends a sentence of 192 months, followed by 25 years of supervision. Based on the significant aggravating factors that are present in this case, particularly as to the nature and circumstances of this offense and the history and characteristics of the Defendant, this sentence is sufficient but not greater than necessary based on the factors identified in 18 U.S.C. § 3553.

A.      **The Nature and Circumstances of the Offense**

The nature and circumstances of the offense justify the Government's recommendation. To begin, the Defendant was not just a possessor of child pornography; he was a curator. When the Defendant received child pornography, he did not look at the materials and delete them; he saved them on his phone. The Defendant also solicited child pornography from others, including purported children, and was often detailed and specific as to how he wanted to see children be sexually abused. He also appears to have paid money for child pornography multiple times, making him not simply a trader in this marketplace of suffering but a financier. The Defendant's repeated solicitation and collection of child pornography aggravates.

The quantity of child pornography also aggravates. Analysis of the Defendant's phone showed that he possessed more than 500 images and 60 videos of child pornography. He also appears to have sent people links to MEGA, a file hosting website sometimes used by traffickers to host large amounts of child pornography, suggesting he had knowledge of and access to even larger quantities of child pornography. This amount of material justifies 192 months in prison.

**UNITED STATES' SENTENCING MEMORANDUM - 3**

The specific content of the child pornography also aggravates. The materials possessed by the Defendant plunged the depths of depravity and included several videos of infants and toddlers being sexually abused. He also requested images of child incest and appears to have had a pointed interest in children defecating. The nature of the materials sought by the Defendant indicate a profound sexual corruption and a moral compass that is so fundamentally skewed well below even the most basic expectations of society that the only appropriate response is removal from society for an extended period.

Finally, the Defendant's distribution of child pornography aggravates. The Defendant was not a passive consumer, feeding his addiction in isolation. Rather, he distributed to and furthered the consumption of child pornography by others, all so he could fuel his own twisted desires. Altogether, the Defendant's collection, quantity, quality, and distribution of child pornography amply justify the Government's recommended sentence.

B.    **The History and Characteristics of the Defendant**

Despite his youth, the Defendant's history demonstrates a longstanding and escalating paraphilia beginning in childhood and continuing through adulthood that needs to be addressed with a substantial prison sentence to protect the public. As a child, he engaged in inappropriate sexual behavior with young cousins and a male child on the school bus. He also viewed child pornography. Despite treatment, he engaged in "sneaky" behavior and continued to access prohibited materials online. At age 11, he was expelled from school for inappropriate conduct. The Defendant then spent several years in residential treatment programs and alternative schools. He also received therapy addressing sexual behavior regulation. All of this occurred well before the Defendant's 18th birthday.

**UNITED STATES' SENTENCING MEMORANDUM - 4**

Rather than addressing the troubling psychosexual issues that manifested in childhood, it appears that multiple interventions and treatment attempts only hardened the Defendant against future treatment. (*See* PSR ¶ 88, attributing ambivalence about ongoing therapy to extensive past exposure to counseling.) As an adult, the Defendant continued engaging in deviant sexual behaviors towards children with an alarming degree of urgency and desperation. Despite knowing that one day he would be caught, he chose not to stop.

As an adult, the Defendant amassed a large quantity of child pornography through trading and purchasing. He joined teen chat groups and attempted to solicit child pornography from purported children. He encouraged purported children to molest their siblings. And he attempted to gain private access to children by aggressively seeking out babysitting jobs, often for free. For months, he preyed on children online and attempted to create opportunities to do the same in his local community through his advertisements on nannylane and Facebook.

All of this shows that the Defendant is someone who either will not or cannot control his sexual desire for children, and he will act on that desire to get what he wants. This dangerous behavior has persisted and increased in severity into adulthood despite treatment. And critically, this Defendant has taken concrete steps to go far beyond isolated consumption. He has sought out children online by joining child chat groups and sending purported children sexually explicit messages. He has requested child pornography from purported children. And he has attempted to create opportunities to be alone with children in person by holding himself out as a free babysitter. He is a uniquely dangerous individual who should be sanctioned with 192 months in prison.

    **C.**    **The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment.**

Sexual crimes against children are among the most significant crimes courts face. Sexual crimes against children are among the most significant crimes society condemns. These are *malum*

*in se* crimes against children, who are the most vulnerable among us. They need and deserve protection. The Defendant's crime represents a choice made by the Defendant – he chose to perpetuate the cycle of abuse against numerous children by distributing, trading, paying for, and consuming videos of their sexual abuse, merely so he could feed his desires. To the Defendant, his sexual indulgence was worth more than the health and dignity of children, including infants and toddlers. The victims in this case, including the identified children that he victimized through consumption of their materials, deserve an appropriate sentence. The aggravation in this case justifies 192 months in prison.

      **D.**      **The Need for the Sentence Imposed to Afford Adequate Deterrence and to Protect the Public.**

As stated by the Seventh Circuit, "[s]entences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced." *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007); *see also United States v. Goff*, 501 F.3d 250, 261 (stating in a child pornography possession case that "deterring the production of child pornography and protecting the children who are victimized by it are factors that should have been given significant weight at sentencing").

There is a compelling need to deter future similar conduct by the Defendant and other like-minded individuals with an interest in child pornography. There is a strong need to stop the supply and demand in the child pornography market. There is a strong need to deter those willing to distribute and possess heinous videos of child sexual abuse merely for the sake of sexual gratification. Individuals who seek to exploit children for their sexual desires, such as the Defendant, must be deterred by the criminal justice system. This is especially true in the

Defendant's case, where his deviant and dangerous behavior has simply escalated despite multiple attempted treatment interventions, and where he paid money to distributors, further propping up the illegal industry of which he was a part. Clearly, the interventions that were attempted when the Defendant was a child had no deterrent effect on his behavior. The pleasure that the Defendant received from acting on his paraphilias was apparently too great. The sentence in this case must be so costly that it overwhelms the Defendant's deeply rooted desire to act on his sexual interests. The Government submits that 192 months is an appropriate deterrent.

As to protection of the public, the Government is concerned by the Defendant's history and the frightening trajectory that the Defendant was on before law enforcement intervened. The persistent, aggressive, and urgent way the Defendant pursued the sexual abuse of children despite treatment raises questions as to whether the community will ever be safe with the Defendant in it. The only hope in this case is that extended removal from society may sever the Defendant's connection to whatever has led him to this dark place. In a controlled, prison environment, perhaps rehabilitation may take hold, and the Defendant will re-enter society with a newfound appreciation for the laws protecting children, a willing ability to comply with those laws, and an understanding that he will be caught and punished severely if he goes down this path again.

## SUPERVISED RELEASE

The Government recommends 25 years of supervision. The Defendant was 19 when he was arrested in this case. If this Court imposes the Government's recommended sentence, he will be approximately 35 when he is released, before any good time reduction. He will still be a relatively young man, and his presence in the community will inherently pose a substantial danger to children. Given the Defendant's history and persistent victimization of children despite treatment, a long period of supervision is necessary to provide the requisite monitoring and

**UNITED STATES' SENTENCING MEMORANDUM - 7**

accountability needed to mitigate the risk that the Defendant will pose to children when he is out of prison. The Government believes that a 25-year term of supervision until the Defendant is approximately 60 is necessary to ensure that the public is protected while Probation shepherds the Defendant through adulthood and towards a lower risk of recidivism.[1]

## CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 192 months imprisonment followed by 25 years of supervised release for the Defendant's commission of the crime of Distribution of Child Pornography. The Government submits that such a sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 16th day of September, 2025.

JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
By:

*s/ Adam M. Johnson*
ADAM M. JOHNSON
Assistant United States Attorney

---

[1] *See generally* Roger Przybylski, *Chapter 5: Adult Sex Offender Recidivism*, OFFICE OF SEX OFFENDER SENTENCING, MONITORING, APPREHENDING, REGISTERING, AND TRACKING, available at https://smart.ojp.gov/somapi/chapter-5-adult-sex-offender-recidivism#_ednref33.

**UNITED STATES' SENTENCING MEMORANDUM - 8**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 16, 2025, the foregoing **UNITED STATES' SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following person(s):

| Lorinda Youngcourt                Lorinda_Youngourt@fd.org | ECF Filing |
|---|---|

*s/ Carin Crimp*
Legal Assistant

**UNITED STATES' SENTENCING MEMORANDUM - 9**